UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:06CR51-2-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| (2) MICHAEL LAMPKIN, ) | |
| ) | |
| Defendant. ) | |

In the First Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used or intended to be used to commit or facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant pled guilty to Counts One and Three, inter alia, in the bill of indictment; and was subsequently adjudged guilty of Counts One and Three. Based on defendant's conviction on Counts One and Three and the evidence presented by the government, the United States is now entitled to entry of a preliminary order of forfeiture and possession of the property described below.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

   (a) the sum of $1 million in criminal proceeds; and,

   (b) one parcel of real property, consisting of a house and lot, located at 5970 Underwood Avenue, Charlotte (Harrisburg), North Carolina, as more particularly

described in the Cabarrus County Public Registry in a deed recorded at Book 3500, Page 177, and a quitclaim deed executed by defendant and recorded at Book 6143, Page 112, as substitute property for a corresponding portion of $1 million in criminal proceeds.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: August 7, 2007

Frank D. Whitney
United States District Judge