UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:06CR51-2-W

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| (2) MICHAEL LAMPKIN, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion to vacate in part the

preliminary order of forfeiture filed herein on August 7, 2007. The motion indicates, based on

corrected title information, that there is insufficient equity value in the subject real property to

justify forfeiture.

It is therefore ORDERED:

1. The preliminary order of forfeiture filed herein on August 7, 2007, is hereby vacated in

part by deleting the following asset:

> (b) one parcel of real property, consisting of a house and lot, located at 5970
> Underwood Avenue, Charlotte (Harrisburg), North Carolina, as more particularly
> described in the Cabarrus County Public Registry in a deed recorded at Book
> 3500, Page 177, and a quitclaim deed executed by defendant and recorded at Book
> 6143, Page 112, as substitute property for a corresponding portion of $1 million in
> criminal proceeds.

2. Because the following provisions of the preliminary order do not apply to the money

judgment against the defendant forfeiting $1 million in criminal proceeds, which is not affected

by this order, they are also deleted:

Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Except as provided herein, the preliminary order shall remain in full force and effect.


IT IS SO ORDERED.


Signed: August 22, 2007


Frank D. Whitney
United States District Judge