IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV490-1-W
3:06CR51-2-W

| | |
|---|---|
| MICHAEL LAMPKIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 16, 2009. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On March 2, 2006, Petitioner was one of three individuals named in a five-count Bill of Indictment. Count One charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two charged Petitioner with possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. On June 29, 2006, the Government filed a Superceding Bill of Indictment which, in addition to the two charges contained in the original Bill of Indictment, charged Petitioner with money laundering in violation of 18 U.S.C. § 1956(h) and with possession with intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(B). On November 20, 2006, Petitioner entered a "straight-up" guilty plea to all four counts at his Rule 11 hearing. On August 7, 2007, this Court held a sentencing hearing for Petitioner. However, when Petitioner indicated that he had not been truthful at his plea hearing, this Court converted the hearing into a hearing on a motion to withdraw guilty plea. At this hearing, the Court, after considering the testimony of Petitioner and a DEA agent, as well as the arguments of counsel, found that Petitioner's guilty plea to Counts One and Three was knowing and voluntary and denied the motion to withdraw the guilty plea as to those counts. The Court then recessed the hearing to be continued another day so that the record could be further developed with regard to Counts Two and Four. On October 25, 2007, the Court reconvened the hearing. At this hearing, the Court determined that Petitioner's guilty plea to Counts Two and Four was knowing and voluntary and proceeded to sentencing. At the conclusion of a lengthy sentencing hearing, and after granting a significant downward variance, this Court sentenced Petitioner to 140 months imprisonment. Judgment was entered on November 16, 2007.

Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On July 17, 2008, the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Lampkin, 285 Fed. App'x 27 (4th Cir. 2008). Petitioner then filed a certiorari petition with the Supreme Court which was denied on November 10, 2008. Lampkin v. United States, 129 S. Ct. 589 (2008).

On November 16, 2009,[1] Petitioner timely filed the instant Motion to Vacate, Set Aside,

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the

2

or Correct Sentence. In his Motion to Vacate, Petitioner alleges seventeen claims of ineffective assistance of counsel.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contentions that he received ineffective assistance of counsel are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In

---

district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on November 9, 2009, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. App'x 190, 191 (4th Cir. 2009).

The Court will address each of Petitioner's ineffective assistance of counsel claims below in the order Petitioner raised them.

**1. Misinterpreted Indictment**

Petitioner alleges that his counsel was ineffective because he misinterpreted the Indictment. More specifically, Petitioner alleges that he did not know before he pled guilty that he was pleading guilty to four not two charges. Petitioner argues that a November 20, 2006, attorney memorandum supports this claim.

The record indicates that on March 2, 2006, Petitioner was indicted on two charges. On June 29, 2006, a Superceding Indictment was filed that named Petitioner in two additional counts. Over four months later, on November 20, 2006, Petitioner entered a guilty plea to all four counts at his Rule 11 hearing.

Notwithstanding Petitioner's assertion to the contrary, the November 20, 2006, attorney memorandum does not support Petitioner's assertion that his counsel failed to inform him of the additional charges prior to the entry of his guilty plea. The memorandum drafted by counsel and addressed to Petitioner sets out the benefits and consequences of entering a straight up plea later that day. A review of the memorandum reveals that it specifically references the Superceding Indictment and the additional charges against Petitioner. As such, the record does not support Petitioner's claim that prior to pleading guilty he was not aware at all of the additional charges.

Moreover, even if Petitioner was not made aware of the additional charges prior to his Rule 11 hearing, as evidenced by the questions and responses at his Rule 11 hearing, he was not prejudiced. At his Rule 11 hearing Petitioner was specifically informed several times that he was pleading guilty to four counts and he was specifically informed as to the nature of each count. (Plea Hearing Tr. 4, 6-9, 20.)[2] On at least four occasions Petitioner affirmatively indicated under oath that he understood that he was pleading guilty to four separate charges. (Plea Hearing Tr. 4, 9, 19-20.) The colloquy, and in particular Petitioner's responses under oath, supports the conclusion that even if Petitioner had not been informed of these additional counts prior to the plea hearing, he was made aware of the counts at the hearing and was informed of the potential

---

[2] Petitioner's failure to question this information or indicate any surprise whatsoever undermines his contention that he was not informed prior to his plea hearing about the additional counts.

sentences associated with such counts. (Plea Hearing Tr. 6-9, 19, 20.) As such, Petitioner cannot establish that he was prejudiced and his claim is dismissed.

### 2. Discovery

Petitioner also alleges that his counsel was ineffective because he did not allow Petitioner "to see the evidence against [him] gained from discovery before [he] pled guilty." As a result, Petitioner alleges that he pled guilty to charges he otherwise would not have.[3]

Petitioner admitted at his plea withdrawal hearing that he never requested that he be allowed to see the discovery. (Pl. Withdrawal Hearing Tr. 33.) Significantly, Petitioner does not even attempt to articulate what difference it would have made if he had seen the discovery. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Indeed, as Petitioner himself was well aware, he had been caught red-handed with over 20 kilograms of cocaine in his possession. Consequently, Petitioner has failed to establish that he was prejudiced.

### 3. Failure to Prepare for Sentencing Hearing

Petitioner also alleges that his counsel was ineffective for failing to prepare for Petitioner's sentencing hearing. More specifically, Petitioner alleges that his counsel did not have the correct presentence report. Furthermore, Petitioner alleges that when this fact was made known to counsel, his counsel stated to the Court that he was still ready to argue. Petitioner also alleges that his counsel was ineffective because he failed to argue that an obstruction of justice

---

[3] In his second ineffective assistance of counsel claim, Petitioner references his counsel's alleged failure to realize and communicate to Petitioner that he was facing four charges not two. For the reasons already stated in this Order, such claim has no merit.

enhancement did not preclude a finding of acceptance of responsibility.

It is clear on the record that Petitioner's counsel did not have a copy of the revised pre-sentence report at the beginning of the plea hearing. (Sent. Hearing Tr. 20-21.) It is equally clear that when this fact was made known to the Court, the Court recessed the hearing and allowed counsel and Petitioner over an hour to review the revised report. (Sent. Hearing Tr. 21-22.) Moreover, when the sentencing hearing reconvened, Petitioner was asked if he had had sufficient time to review his revised presentence report and Petitioner answered in the affirmative. (Sent. Hearing Tr. 22-23). Based upon the facts as revealed by the plea withdrawal hearing transcript and the failure of Petitioner to articulate how precisely he was prejudiced, this claim is dismissed.

Petitioner also argues that his counsel was ineffective for failing to challenge the Court's finding that an obstruction of justice finding automatically precluded an acceptance of responsibility finding.

Petitioner's counsel did argue that Petitioner should receive an acceptance of responsibility reduction even after the Court found that Petitioner should receive an obstruction of justice enhancement. (Sent. Hearing Tr. 36.) Moreover, the Court found that Petitioner had not accepted responsibility based upon his assertion at his plea withdrawal hearing that he was not guilty. (Sent. Hearing Tr. 36.) The Court did not deny Petitioner an acceptance of responsibility reduction solely because he received an obstruction of justice enhancement. Based upon the above Petitioner cannot prove that his counsel's performance was deficient or that he was prejudiced. Consequently, Petitioner's claim is dismissed.

### 4. Failure to Object to Prosecutorial Misconduct

Petitioner also alleges that his counsel was ineffective for failing to object to alleged

7

prosecutorial misconduct. More specifically, Petitioner alleges that the Government filed an untimely notice that it did not intend to follow the open file policy in his case.

Again, Petitioner specifies no prejudice whatsoever that he suffered as a result of his counsel's failure to challenge the Government's notice. As such, Petitioner has failed to state a claim of ineffective assistance of counsel and his claim is dismissed.

### 5. Forced to Enter Guilty Plea

Petitioner also alleges that his counsel was ineffective for intimidating him into pleading guilty. More specifically, Petitioner alleges that his counsel forced him to plead guilty because he informed Petitioner that the Government had made it clear that if Petitioner did not plead guilty the Government would supercede the Indictment and add an obstruction of justice charge based upon Petitioner's admitted misstatements to the Government.

First, counsel's relaying of information provided to him by the prosecution is not ineffective. Second, as Petitioner himself admitted at his plea withdrawal hearing, the Government had a legitimate basis for asserting an obstruction of justice claim. (Pl. Withdrawal Hearing Tr. 26-27.) Consequently, the Government had a right to raise the possibility of such a claim. Clearly counsel's relaying of a realistic course of possible events does not constitute ineffective assistance of counsel. This claim is dismissed.

### 6. Failure to Investigate

Petitioner also alleges that his counsel was ineffective because he failed to investigate or prepare discovery materials. In support of his claim, Petitioner asserts that his docket report did not indicate that his counsel had filed a motion for discovery.

8

Petitioner's claim is vague and conclusory and is dismissed on that basis.[4] See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Indeed, Petitioner has failed to even articulate how he was prejudiced. As such, this claim is dismissed.

### 7. **Misrepresented Material Facts**

Petitioner also alleges that his counsel was ineffective because he misrepresented material facts. More specifically, Petitioner alleges that his original indictment did not contain a possession of marijuana charge. Petitioner asserts that he was never informed about the possession of marijuana charge and that if he had been he would not have pled guilty to that charge. Petitioner alleges that his Notice of Intent to Plead Guilty which was filed on November 8, 2006, only indicated an intent to plead guilty on two charges.

At a minimum, Petitioner cannot establish that he was prejudiced.[5] Even if he were not informed by counsel of the addition of the possession with intent to distribute marijuana charge, he was informed of this charge at his Rule 11 hearing. (Plea Hearing Tr. 8.) Significantly, after being informed of this fourth charge, Petitioner affirmatively indicated that he understood that possession with intent to distribute marijuana was one of the charges to which he was pleading

---

[4] Interestingly, Petitioner admitted at his Plea Withdrawal Hearing that his counsel had told him that he had reviewed discovery in his case. Petitioner also admitted that he had no reason to believe or evidence to support the conclusion that his counsel had not reviewed the discovery. (Pl. Withdrawal Hearing Tr. 11-12.)

[5] While Petitioner is correct that the Notice of Intent to Plead Guilty only referenced the original two charges, the Court notes that the November 20, 2006, attorney memorandum specifically states that counsel discussed the two additional charges with Petitioner.

9

guilty. (Pl. Hearing Tr. 9.) Because Petitioner was aware of the charge and the penalty associate with it, he cannot establish that he was prejudiced and his claim is dismissed.

### 8. Appellate Counsel

Petitioner also alleges that his appellate counsel was ineffective because he never reviewed with Petitioner the claims that were going to be raised on appeal. Petitioner contends that he did not receive a copy of the appellate brief filed on his behalf or the government's until after his appeal was dismissed.

Again, Petitioner's claim is vague and devoid of specifics. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Significantly, Petitioner fails to allege how he was prejudiced. Indeed, Petitioner does not even specify what claims his counsel should have, but did not, raise on appeal. This claim is dismissed.

### 9. Safety Valve

Petitioner also alleges that his appellate counsel was ineffective because he failed to argue that acceptance of responsibility is not a prerequisite to receiving a safety valve reduction.

Appellate counsel was not ineffective for failing to raise this claim because it is not supported by the record. That is, the Court did not find that Petitioner was not entitled to a safety valve reduction because he was not awarded an acceptance of responsibility reduction. Rather, as indicated by the record, the Court ruled that Petitioner was not entitled to a safety valve reduction based upon its finding that Petitioner had provided materially false statements to the Government. (Sent. Hearing Tr. 36.) The Court found that because Petitioner had provided

materially false information to the Government, he necessarily could not establish that he truthfully provided all information to the Government that was in his knowledge. (Sent. Hearing Tr. 36.) See United States v. Vega, 120 Fed. App'x 457, 461-62 (4th Cir. 2005)(affirming district court's application of obstruction of justice enhancement and denial of safety valve provision based upon a finding that the defendant did not provide truthful information.) Petitioner's counsel's performance was not deficient and Petitioner was not prejudiced. Consequently, this claim is dismissed.

**10. Failure to Be Present at Probation Interview**

Petitioner also alleges that his counsel was ineffective because he was not present when Probation interviewed Petitioner for his pre-sentence report. Petitioner argues that his counsel's presence would have eliminated any doubt about his acceptance of responsibility for his crimes and he would have therefore received a lighter sentence.

Petitioner's claim is specious at best as it lacks a factual basis in the record. As previously stated, this Court denied Petitioner an acceptance of responsibility reduction based upon Petitioner's assertion at his plea withdrawal hearing that he was not guilty of the crimes with which he was charged. (Sent. Hearing Tr. 36.) Counsel's presence or lack of presence at Petitioner's meeting with Probation had no bearing on this Court's finding. Indeed, Petitioner does not articulate precisely why counsel's presence would have made a difference. This claim is dismissed.

**11. Failure to Review Jencks Materials**

Petitioner also alleges that his appellate counsel was ineffective because he never reviewed the discovery material of his trial counsel. In addition, Petitioner alleges that his

appellate counsel was ineffective because he never reviewed the discovery or Jencks material with him.

The Court begins by noting that the record on appeal does not typically encompass discovery or Jencks material. See Fed. R. App. P. 10. And as such, these documents are not relevant to appellate claims. Moreover, in any event, at a minimum, Petitioner does not even argue how this alleged deficient performance by his appellate counsel prejudiced him. That is, Petitioner does not state how the outcome would have been different if his counsel had reviewed such materials. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Petitioner's unsupported conclusory allegation is insufficient and this claim is dismissed.

### 12. Failure to Present Acceptance of Responsibility Evidence

Petitioner also alleges that his counsel was ineffective because he failed to introduce evidence that Petitioner had accepted responsibility and that had counsel done so, Petitioner's sentence would have been reduced. Petitioner further argues that he understood that he would get an acceptance of responsibility reduction by filing a guilty plea.

Petitioner's counsel did argue quite strenuously that Petitioner should be given a reduction for acceptance of responsibility. (Sent. Hearing Tr. 16-17, 19, 36.) Significantly, Petitioner does not identify what precise evidence or arguments his counsel failed to present. Nor can this Court imagine any evidence that would have altered this Court's finding that Petitioner's statement under oath at his plea withdrawal hearing that he was not guilty of the crimes with which he was charged precluded Petitioner's receiving an acceptance of

responsibility reduction.  This claim is dismissed.

### 13. Sentence Enhancements

Petitioner also alleges that his counsel was ineffective for failing to argue that obstruction of justice and acceptance of responsibility are not the same.

In determining whether or not to credit Petitioner for acceptance of responsibility, this Court correctly noted that case law dictates that an obstruction of justice finding precludes an acceptance of responsibility reduction absent a demonstration of "extraordinary circumstances." See United States v. Hudson, 272 F. 3d 260, 263-64 (4th Cir. 2001).  The Court inquired if counsel wished to argue that extraordinary circumstances existed and Petitioner's counsel presented an argument that this Court ultimately rejected.  (Sent. Hearing Tr. 35-36.)   As this Court properly applied the law with regard to these two guideline sections, Petitioner's counsel had no argument for objecting.  Moreover, the Court notes that Petitioner does not identify an extraordinary circumstance that should have been presented.  Petitioner's counsel's performance was not deficient and Petitioner was not prejudiced.  This claim is dismissed.

### 14. Failure to File Motions to Suppress

Petitioner alleges that his counsel was ineffective for failing to file a motion to suppress evidence.  In support of his claim Petitioner asserts that it is standard practice for attorneys to file such motions.

Notwithstanding Petitioner's assertion to the contrary, motions to suppress are not standard practice in all criminal cases.  Petitioner does not even identify which evidence his counsel should have moved to suppress or what facts would have even arguably supported the making of such a motion.  Petitioner's vague, unsupported claim fails to establish that his

counsel's performance was deficient or that he was prejudiced.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")  Petitioner's claim is dismissed.

### 15. Failure to Procure Evidentiary Hearing

Petitioner alleges that his counsel was ineffective for failing to procure an evidentiary hearing.  Petitioner provides no evidence or argument to support this claim.

Petitioner's claim is so vague the Court is not certain precisely what he is arguing.  The Court has reviewed the entire record and can find no basis for holding any hearing that was not held.  As such Petitioner's claim is dismissed.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

### 16. Failure to Negotiate a Plea

Petitioner alleges that his counsel was ineffective for failing to "negotiate, communicate, or attempt to make a plea."  Petitioner asserts that he informed his counsel via e-mail on July 17, 2007, that he wanted to negotiate a plea.

Petitioner does not explain his basis for asserting that his counsel did not even attempt to negotiate a plea agreement.  Moreover, Petitioner's claim does not present any basis for believing Petitioner's counsel could have taken some action that would have resulted in a favorable written plea agreement for Petitioner.  As such, Petitioner has failed to establish that his counsel was deficient or that he was prejudiced in some way.  His claim is dismissed.

### 17. Failure to Challenge Drug Quantity at Sentencing

Petitioner alleges that his counsel was ineffective for failing to challenge the amount of drugs attributed to him. In support of this claim Petitioner asserts that "[p]olice testimony stated that shipper Ricky Lee worked only with Undra Howze and that Undra is the one that distributed the drugs."

A review of the presentence report reveals that Petitioner was arrested with a package containing twenty kilograms of cocaine in his possession. (PSR ¶¶ 10-11.) In addition, the police searched a residence connected with the conspiracy that in addition to the original twenty kilograms yielded 150.5914 kilograms of marijuana and two kilograms of sham cocaine. (PSR ¶¶ 14-15.) During police questioning Petitioner informed police that he had delivered seven packages in the past and that he had mailed out two large sums of US currency for drugs that had been received. (PSR ¶ 16.) Substantial evidence thus supported the drug amount attributed to Petitioner.[6]

Petitioner's assertion that Agent Bowles testified that Ricky Lee, another member of the conspiracy, worked directly with Undra Howze, another member of the conspiracy, provides no basis for his counsel arguing for a lesser amount of drugs. As such, at a minimum, Petitioner cannot satisfy the prejudice prong of his claim.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

---

[6] Agent Bowle's testimony at the Plea Withdrawal Hearing underscores the substantial evidence against Petitioner.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: December 3, 2009

Frank D. Whitney
United States District Judge